OPINION OF THE COURT
Daniel P. Conviser, J.
The respondent is the subject of a petition for sex offender civil management pursuant to article 10 of the Mental Hygiene Law. He moves here for summary judgment, dismissing the petition. For the reasons outlined infra, that motion is granted.
On August 9, 2016, this court issued a decision and order following a Frye hearing finding that the diagnosis proffered by state expert witness Dr. Joel Lord of “Other Specified Para-philic Disorder (OSPD) hebephilia” was not generally accepted in the relevant psychiatric community. (Matter of State of New York v Ralph P., 53 Misc 3d 496 [Sup Ct, NY County 2016].) OSPD hebephilia is the only psychiatric diagnosis which has been assigned by Dr. Lord. The State has also retained a second expert, Dr. John Thomassen. He has also opined that Mr. P. has OSPD hebephilia but has not assigned any other psychiatric diagnosis to Mr. P. Both Dr. Lord and Dr. Thomassen have opined that Mr. P. has a mental abnormality under article 10. The respondent’s expert, Dr. Leonard Bard, has opined that Mr. P. has no relevant psychiatric diagnosis and does not have a mental abnormality under article 10.
Conclusions of Law
Under CPLR 3212, the court may direct summary judgment as a matter of law where “there is no material issue of fact to be tried, and . . . judgment may be directed as a matter of law.” (Brill v City of New York, 2 NY3d 648, 651 [2004].) In a summary judgment motion, the proponent of summary judgment must make a prima facie showing of entitlement to sum *173 mary judgment by demonstrating the absence of material issues of fact warranting a trial. Once that showing has been made, the opponent of summary judgment must produce evidentiary proof to establish the existence of material issues warranting a trial. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].)
At an article 10 trial, the State must prove by clear and convincing evidence that the respondent suffers from a “mental abnormality” under the statute. A “mental abnormality” is defined as a “congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct.” (Mental Hygiene Law § 10.03 [i].)
Article 10 thus requires that a respondent have a “condition, disease or disorder” under the statute which results in the required predisposition and serious difficulty elements being satisfied. Without a valid condition, disease or disorder, a respondent cannot have a “mental abnormality.” (See e.g. Matter of State of New York v Donald DD., 24 NY3d 174 [2014]; Matter of State of New York v Frank P., 126 AD3d 150 [1st Dept 2015].) As the respondent argues, summary judgment is justified here because there is no evidence the respondent has any such qualifying “condition, disease or disorder” under the law.
Here, the only diagnosis which the State has indicated they will proffer at trial is OSPD hebephilia. That diagnosis, however, pursuant to this court’s Frye ruling, could not be presented at the respondent’s trial. Without a valid psychiatric diagnosis, Mr. P. could not be subject to civil management. Assuming this court’s Frye ruling is correct, there is no genuine issue of material fact with respect to whether Mr. P. has a mental abnormality.
The State’s argument against summary judgment here is essentially that no diagnosis is necessary in order for a respondent to be subject to article 10. Thus, they argue, their doctors could testify about Mr. P.’s deviant and criminal sexual interests and crimes and outline why he is predisposed to commit and has serious difficulty in controlling his behavior with respect to committing sex offenses. But that argument would eliminate the “condition, disease or disorder” requirement of the statute.
*174 Our Court of Appeals has issued a number of decisions over the past several years analyzing which diagnostic predicates can support an article 10 finding. In each of these cases the Court implicitly assumed that a respondent must have some kind of psychiatric diagnosis to be subject to article 10.
In Matter of State of New York v Shannon S. (20 NY3d 99 [2012]) the Court held that a valid diagnosis under article 10 need not be one whose criteria are specifically enumerated in the Diagnostic and Statistical Manual of Mental Disorders (the DSM) and upheld the diagnosis “Paraphilia Not Otherwise Specified (Paraphilia NOS) hebephilia.”* That diagnosis, the Court pointed out, was one of a number of possible paraphilias which might be diagnosed under the general “NOS” heading under the version of the DSM at issue in the case. The Court implicitly presumed, however, that a respondent must have a valid diagnosis of some kind to be subject to article 10. Otherwise, there would have been no reason for the Court to determine that the proffered diagnosis in the case was sufficient.
In Donald DD., the Court held that a diagnosis of antisocial personality disorder (ASPD) alone, when not accompanied by any other diagnosis, was an insufficient predicate for civil management. The Court acknowledged that ASPD was a valid diagnosis. Obviously, it would make no sense for a diagnosis of ASPD alone to be a legally insufficient article 10 predicate, if a sufficient article 10 case could be brought in a case where a respondent had no diagnosis. The Donald DD. Court quoted the United States Supreme Court’s landmark sex offender civil management decision in Kansas v Crane (534 US 407 [2002]) for the proposition that substantive due process requires that a respondent’s serious difficulty in controlling behavior “when viewed in light of such features of the case as the nature of the psychiatric diagnosis” must be sufficient to distinguish an *175 article 10 offender from an ordinary recidivist convicted in a criminal case. (24 NY3d at 189 [emphasis added], quoting Kansas v Crane, 534 US at 413.) It found that ASPD did not meet that standard. But it would obviously be impossible to evaluate the nature of a respondent’s psychiatric diagnoses to see if they met the requirements of substantive due process if the respondent had not been diagnosed with any condition at all.
In its most recent decision in Matter of State of New York v Dennis K. (27 NY3d 718 [2016]) the Court in three cases again focused on the fact that the respondent had legitimate psychiatric diagnoses in holding the evidence supporting a mental abnormality sufficient. In that case again the Court implicitly presumed that a diagnosis under article 10 was a necessary prerequisite to civil management. The question was whether the specific diagnoses in the case were legally sufficient.
The State cites the trial court’s decision denying summary judgment in Matter of State of New York v Jason C. (Sup Ct, Kings County, Mar. 9, 2016, Riviezzo, J., index No. 19136/13) in support of its position here. In that case, the court had previously found in a Frye hearing that the diagnosis “OSPD Non-Consent” was not generally accepted in the relevant psychiatric community (51 Misc 3d 553 [2016]). The respondent was also diagnosed, however, with ASPD, severe alcohol use disorder in a controlled environment and had a third diagnosis, sexual sadism disorder, which a state expert had “considered but did not assign” (State v Jason C., slip op at 2). Since the Court of Appeals had found ASPD alone an invalid mental abnormality predicate and the Jason C. court had rejected OSPD non-consent, the respondent argued, his remaining conditions, severe alcohol use disorder and a diagnosis which had been considered but not assigned, were insufficient to withstand a summary judgment motion.
The court disagreed. It found it significant that one of the state’s doctors “considered but did not assign” a sexual sadism diagnosis and said that the manifestations of this disorder the expert had recounted might be legally sufficient to find a mental abnormality. The court opined that a mental abnormality finding “theoretically may not include any diagnosis at all” (State v Jason C., slip op at 4). This court respectfully disagrees. This court does not believe a respondent can be found by clear and convincing evidence to have a “condition, *176 disease or disorder,” found to have a “mental abnormality” and then be subject to possible lifetime confinement based on those determinations when he is not diagnosed with a valid psychiatric condition of any kind. In this court’s view, such a conclusion is compelled by the plain language of the statute, the case law cited here and the requirements of substantive due process.
There is no genuine issue of material fact regarding whether the respondent has a “condition, disease or disorder” under article 10. For all of those reasons, the respondent’s motion for summary judgment is granted and the petition is ordered dismissed. This decision and order shall be stayed until October 26, 2016 to allow the State to seek a further stay from the Appellate Division pending appeal. {See Mental Hygiene Law § 10.13 [a] [allowing the Attorney General to seek a stay in the Appellate Division of any order under article 10 releasing a respondent].)

 As this court discussed in State v Ralph R, although the Court of Appeals’ 4-3 majority in State v Shannon S. found the NOS hebephilia diagnosis in that case sufficient, the diagnosis in that case was not subject to a Frye hearing. Subsequent New York Court of Appeals cases have made clear that NOS paraphilia diagnoses must be evaluated under the Frye test when a proper motion for such an assessment is made. (See State v Ralph P., 53 Misc 3d at 535-538.) Under the most recent edition of the DSM, the DSM-5, the “NOS” paraphilia diagnostic category is now denoted in part as “Other Specified Paraphilic Disorder” or “OSPD.” It was this OSPD category with the specifier hebephilia which this court held did not satisfy the Frye test in State v Ralph P.